# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

              Petitioner,

              Case No. 08-C-4

  -vs-

JUDY SMITH, Warden,
Oshkosh Correctional Institution, et al.,

              Respondents.

## DECISION AND ORDER

Jonathon Mark ("Mark") is currently incarcerated at the Oshkosh Correctional Institution.[1] In his petition for a writ of habeas corpus (28 U.S.C. § 2254), Mark alleges that he is incarcerated because his probation was revoked without a preliminary hearing. Mark's petition comes before the Court for an initial review. The Court must dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases.

An individual on probation is entitled to a preliminary and final revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). However, the right to a preliminary hearing is waived when the petitioner admits committing acts that violate the conditions of

---

[1] Mark was recently transferred from Douglas County Jail to Oshkosh Correctional Institution. (Docket No. 7). The caption was altered to reflect this change. *See* 28 U.S.C. § 2242 (application must allege name of the person who has custody over the petitioner).

his probation. *See United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988); *Starnes v. Markley*, 343 F.2d 535 (7th Cir. 1965). In his petition, Mark alleges that he signed an "Alternative to Revocation" agreement, wherein he admitted to violating the terms of his probation. Therefore, Mark's claim is without merit.

Mark also acknowledges that his petition for review with the Wisconsin Supreme Court was dismissed as untimely. A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The Court can excuse the procedural default if Mark demonstrates cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court fails to consider the merits of the case. *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006).[2] To establish cause, petitioner ordinarily must demonstrate that an external obstacle prevented him from fairly presenting the federal claim in state court. *Id.*

Separate from his petition, Mark filed a "notice" which attempts to establish cause. He states that the court of appeals denied his appeal on November 29, 2006, and that under Wisconsin law, his petition for review in the Supreme Court was due by January 4, 2007. Mark explains that while he was at the "Winnebago County Jail between the dates of December 21, 2006 and January 4, 2007, he put jail staff on notice that he had a filing deadline for this very case. The petitioner never received a response to this notice, and

---

[2] The miscarriage of justice exception applies only when the petitioner can demonstrate that he is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Mark admits that he violated the terms of his probation, so he obviously cannot meet this standard.

-2-

hence, petitioner missed the filing deadline for appeal to the Wisconsin Supreme Court." (Docket No. 2). He then claims that "through inadvertence – not of petitioner's doing – the state of wisconsin [sic] prohibited [Mark] from exhausting the appeal process of his issues to this court."

These arguments do not satisfy the applicable standard. At best, Mark faced difficulty complying with his filing deadline, but he does not allege that there was someone or something *preventing* him from filing his petition. Further, even if Mark was somehow prevented from filing a petition between December 21, 2006 and January 4, 2007 (when he was at Winnebago County Jail), nothing prevented him from filing his petition prior to those dates. Therefore, in addition to being without merit, Mark procedurally defaulted his claim. *See Burgin v. Broglin*, 900 F.2d 990, 997 (7th Cir. 1990) (district court may raise state procedural default *sua sponte*).

Finally, the Court notes that Mark seeks to recover damages for his allegedly unlawful incarceration. This claim is not cognizable in a petition for habeas relief and is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for an allegedly unlawful conviction or imprisonment, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Mark's motion to amend his complaint [Docket No. 7] is **GRANTED**. The Clerk of Court is directed to amend the caption in this case to reflect that the respondent is now Judy P. Smith, Warden, Oshkosh Correctional Institution.

2. Mark's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**